Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| AUSTIN BARR, | ) |
| | ) |
| Plaintiff, | ) **COMPLAINT and** |
| | ) **JURY DEMAND** |
| v. | ) |
| | ) |
| ENRIQUE MORALES and CITY OF WOLF POINT, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1. This is an action for deprivation of civil rights under color of law, and for assault and battery, negligence, and other wrongful acts. This action arises out of both federal and state law for damages resulting from the unlawful conduct of Defendants Enrique Morales and City of Wolf Point.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the claims specified in this Complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, and 42 U.S.C. §1983.

3.     Jurisdiction for state law claims against all Defendants pursuant to the law of the State of Montana is conferred upon this Court pursuant to 28 U.S.C. §1367.

4.     Venue in this case is proper under 28 U.S.C. §1391 and LR 1.2. Wolf Point is located in the Great Falls Division of the United States District Court for the District of Montana. The events giving rise to the claims in this case occurred in this judicial district.

5.     Because Plaintiffs make no allegations against the State of Montana, pursuant to MCA §2-9-301, they are not required to file administrative claims against the City of Wolf Point prior to filing this action.

**THE PARTIES**

6.     Plaintiff Austin Barr is a citizen of the State of Montana and a resident of Wolf Point, Montana. Barr is an enrolled member of the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation.

7.     Based on information and belief, Defendant Enrique Morales is a citizen of the State of Montana and a resident of Roosevelt County, Montana. Defendant Morales was an employee of the City of Wolf Point Police Department at all times pertinent to this matter. He is sued in both his individual and official capacities.

8.      Defendant City of Wolf Point is a municipality of the State of Montana located in Roosevelt County.

## FACTUAL ALLEGATIONS

9.       At all times pertinent to this lawsuit, Plaintiff Austin Barr ("Barr") and Tara Young Bear were the rental tenants of 412 Edgar Street in Wolf Point, Montana (the "House"). Both Barr and Tara Young Bear had signed the lease to the House.

10.     On or about December 13, 2019, Barr and Young Bear were at the House.

11.     At or about 11:50 p.m. Young Bear called 911. The conversation lasted 24 seconds and proceeded as follows:

> DISPATCH: 911
> YOUNG BEAR: Um I need a cop to remove someone. Someone is trying to break into my house. I live at 412 Edgar please.
> DISPATCH: OK what's your name again?
> TOUNG BEAR: Tara.
> DISPATCH: OK is it the front door or back door?
> YOUNG BEAR: It's the front door.
> DISPATCH: OK, I'll let the officers know, OK?.
> YOUNG BEAR: Thank you.

12.     Defendant Enrique Morales responded to the call.

13.     Wolf Point police officer Dustin Darby responded to the call.

14.     Tribal officer Thomas Jones responded to the call.

15.     When the officers arrived at the House, Young Bear threw several bags of Barr's clothes out the front door.

16. Barr was inside the House putting some clothes from a closet into a bag when Defendant Morales came through the front door and tackled Barr and held Barr face down on the floor.

17. Defendant Morales did not announce his presence or provide a verbal warning of any kind before tackling Barr.

18. Defendant Morales is an individual of substantial girth.

19. Defendant Morales knelt on Barr and held a Taser pressed against Barr's back, repeatedly yelling, "Stop resisting."

20. Barr made no effort to resist Defendant Morales, and told Defendant Morales that he was not resisting.

21. Defendant Morales handcuffed Barr and walked Barr outside and placed Barr in a City of Wolf Point police vehicle.

22. Neither Officer Darby nor Officer Jones assisted Defendant Morales in arresting Barr.

23. After placing Barr in the police vehicle, Defendant Morales shoved Officer Jones and chastised him for failing to assist Defendant Morales in arresting Barr.

24. Neither Defendant Morales, Officer Darby, nor Officer Jones ever advised Barr of his *Miranda* rights as required by Title 6, § 203 of the Fort Peck Reservation Comprehensive Code of Justice.

25.    Defendant Morales transported Barr to the Wolf Point police station, where Officer Jones took custody of Barr and transported Barr to the tribal jail.

26.    On December 16, 2019, Barr was cited with simple assault and resisting arrest by the tribal prosecutor.

27.    At all times relevant to this lawsuit, Defendant Morales was not cross-deputized to have authority to arrest a tribal member on the Fort Peck Reservation.

28.    On January 2, 2020, Barr moved to dismiss all charges against him in Tribal Court. No response to the motion was filed, and Tribal Court dismissed all charges against Barr on January 28, 2020.

## COUNT 1
## 42 USC § 1983
## INDIVIDUAL LIABILITY

29.    Plaintiff hereby incorporates all prior paragraphs.

30.    At all times in which he interacted with Barr on December 13, 2019, Defendant Morales acted under color of law, statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of the City of Wolf Point.

31.    At all times in which he interacted with Barr on December 13, 2019, Defendant Morales acted within the course and scope of his employment.

32. Defendant Morales, while acting under color of law, deprived Barr of his civil rights under the Fourth Amendment to be free from detention and arrest not based on reasonable suspicion or probable cause, and to be free from unreasonable searches, unreasonable seizures, false arrest, false imprisonment, and excessive force.

33. Defendant Morales, while acting under color of law, deprived Barr of his civil rights under the Fourteenth Amendment to due process of law and equal protection.

34. The acts and omissions of Defendant Morales, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

35. Defendant Morales tackled Barr and assaulted him in violation of rights guaranteed to Barr under the United States Constitution.

36. This unnecessary and unwarranted use of force was an unlawful and excessive use of force, in violation of Barr's rights.

37. Defendants falsely imprisoned Barr in violation of rights guaranteed to him under the United States Constitution.

38. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Barr's constitutional deprivations, injuries, and damages. Barr suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Barr to sustain damages in a sum to be determined at trial.

39. As a further direct and proximate result of the aforesaid acts and omissions of Defendant Morales, Barr was cited and had to respond to criminal court proceedings where he could have theoretically been convicted of a crime and sentenced to jail.

## COUNT 2
## 42 USC § 1983
## ENTITY LIABILITY

40. Plaintiff hereby incorporates all prior paragraphs.

41. Defendant City of Wolf Point established policies, customs, and practices that caused the violation of Barr's rights under the United States Constitution.

42. The policies, customs, and practices implicitly or explicitly adopted by Defendant City of Wolf Point amounted to deliberate indifference to and

conscious disregard of Barr's constitutional rights and ratification of violation of those rights.

43.   These constitutional violations were acts of official governmental policies.

44.   Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Barr's constitutional deprivations, injuries, and damages. Barr suffered and will continue to suffer great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Barr to sustain damages in a sum to be determined at trial.

## COUNT 3
## MONTANA CONSTITUTIONAL RIGHTS

45.   Plaintiff hereby incorporates all previous paragraphs.

46.   Pursuant to the Montana Constitution, *see Dorwart v. Caraway*, 58 P.3d 128 (Mont. 2002), Barr has the fundamental, inalienable, and self-executing rights to individual privacy; to be secure in his person, papers, home, and effects from unreasonable searches and seizures; and not to be deprived of life, liberty, or property without due process of law.

47.   Defendants' acts and omission related to the incident involving Barr on December 13, 2019 violated Barr's constitutional rights.

48. Barr has the right to seek recourse against those who violate his constitutional rights.

49. Each of the foregoing acts and/or omissions in this Count directly and proximately caused or contributed to Barr's constitutional deprivations, injuries, and damages, and Barr is entitled to compensatory damages and attorneys' fees for Defendants' violations of his state constitutional rights.

## COUNT 4
## NEGLIGENCE

50. Plaintiff hereby incorporates all previous paragraphs.

51. At all times pertinent to this Complaint, Defendants were subject to a duty of care under state law in the exercise of the police function to protect Barr's constitutional, statutory, and common law rights. The conduct of Defendants as set forth in this Complaint does not comply with the standard of care, and included negligent use of excessive force; negligent training, supervision and discipline of law enforcement officers; negligent enactment, enforcement, and violation of law enforcement policies and procedures; negligent violation of Barr's constitutional, statutory, and common law rights; and negligent performance of official duties.

52. As a direct and proximate result of Defendants' negligence, Barr suffered injuries.

# COUNT 5
# ASSAULT AND BATTERY

53. Plaintiff hereby incorporates all previous paragraphs.

54. Defendant Morales intentionally made harmful or offensive contact with Barr. Defendant Morales' use of force exceeded that necessary to restrain or detain or arrest Barr.

55. Defendant Morales' intentional acts constituted assault and battery upon Barr, and directly and proximately caused injuries to Barr.

## COMPENSATORY DAMAGES

56. As a direct result of Defendants' unlawful conduct, Barr suffered violations of his constitutional rights as set forth above.

57. As a direct and proximate result of Defendants' unlawful conduct, Barr suffered physical and emotional pain and injuries.

58. As a direct and proximate result of Defendants' unlawful conduct, Barr had to defend himself against unwarranted criminal charges.

## PUNITIVE DAMAGES

59. Barr has filed this action against Defendants in their individual and official capacities.

60. Defendants acted knowingly, deliberately, intentionally, and maliciously without regard for Barr's rights, interests, and well-being.

61. Defendants exhibited a reckless or callous disregard for Barr's constitutional, statutory, and common law rights; Defendants intentionally violated federal law; and/or Defendants conduct was precipitated by evil motive or intent. Accordingly, imposition of punitive damages is proper and warranted under 42 USC §§1983 and 1985.

62. Defendants' unlawful acts and omission were willful and/or reckless; Defendants deliberately acted with indifference to the high probability of injury to Barr. Such conduct justifies the imposition of punitive damages under MCA §§ 27-1-220, 221 in the amount sufficient to punish Defendants and to serve as a warning to other persons and legal entities similarly situated that conduct of the kind engaged in by Defendants is unacceptable in our society and will not be tolerated.

### ATTORNEYS' FEES

63. Pursuant to 42 USC § 1988, the Court may allow an award of attorneys' fees to Barr if he prevails on claims asserted under 42 USC § 1983.

64. Barr is entitled to recover reasonable attorneys' fees for violations of state constitutional rights under Montana's private attorney general doctrine.

### JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

1.   For damages in a reasonable amount to compensate Barr fully for deprivation of his constitutional rights;

2.   For damages in a reasonable amount to compensate Barr fully for all injuries;

3.   For punitive damages in an amount sufficient to punish Defendants and serve as a warning to other similarly situated persons and entities that such conduct will not be tolerated;

4.   For declaratory and injunctive relief;

5.   For attorneys' fees pursuant to 42 USC § 1988;

6.   For reimbursement of costs and expenses of suit; and

7.   For such further relief as the Court deems fair and just.

Dated this 19th day of November, 2019.

/s/Timothy M. Bechtold
BECHTOLD LAW FIRM

Attorneys for Plaintiff